# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ROSA RUIZ, | CASE NO. 10CV2009 DMS (AJB) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR REVERSAL AND/OR REMAND AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Pending before the Court are Plaintiff's motion for reversal and/or remand and Defendant's cross-motion for summary judgment. For the following reasons, Plaintiff's motion is denied and Defendant's motion is granted.

## I.

## BACKGROUND

On April 29, 2008, Plaintiff Maria Rosa Ruiz applied for disability benefits under the Social Security Act (the "Act"), alleging disability beginning September 27, 2005. (Administrative Record ("AR") at 14, 33.) The Social Security Administration denied the application initially and on reconsideration. (*Id.* at 14, 62-66, 72-76.) Plaintiff subsequently requested and was granted a hearing before an Administrative Law Judge ("ALJ"), which took place on December 7, 2009. (*Id.* at 14, 31,

77.) Plaintiff was represented by counsel at the hearing before the ALJ, at which a medical expert and a vocational expert testified.  (*Id.* at 14, 33.)  At the hearing before the ALJ, Plaintiff was not sworn in and did not testify, although she provided some information in Spanish, which was translated by her attorney.  The ALJ issued an opinion in which he found Plaintiff was not disabled within the meaning of the Act.  (*Id.* at 14-25.)  Plaintiff filed a request for review of the Hearing Decision with the Appeals Council, which affirmed the ALJ's decision on August 23, 2010, making the ALJ's decision the final decision of the Commissioner.  (*Id.* at 1-3.)

Plaintiff was born on August 21, 1952 and completed her education through the seventh grade in Mexico.  (*Id.* at 156.)  She obtained an equivalency diploma in the United States.  (Plaintiff's Mot. at 4.)  Plaintiff's work activity report indicates she had previously worked as a packer in an assembly line from 1996 to 2005, as a newspaper delivery woman from 1992-1996, and as a memorial counselor selling cemetery lots from 1994-1996.  (AR at 203.)  Plaintiff described her position of selling cemetery lots as one requiring no lifting or carrying and consisting of five hours of sitting and three hours of standing per eight-hour workday.  (*Id.* at 206.)

Plaintiff had surgery for carpal tunnel syndrome on her right hand on April 14, 2006 and on her left hand on September 1, 2006.  (AR at 36, 315.)  She indicated she stopped working in September 2005 because of her medical conditions.  (*Id.* at 156, 186.)  She also takes medication for pain in her neck and lower back.  (*Id.* at 38.)  Dr. Donald Goldman testified at the hearing before the ALJ as a medical expert in the field of orthopedics.  He testified Plaintiff should be able to lift 25-30 pounds on an occasional basis and 15-20 pounds on a frequent basis, and that Plaintiff did not have any restrictions related to walking or standing.  (*Id.* at 41.)  He also testified Plaintiff should be capable of using her hands without restriction.  (*Id.* at 44.)  Dr. Goldberg stated that he based his conclusions upon the lack of follow-up records before him following Plaintiff's hand surgeries.  (*Id.*)

A vocational expert, Nelly Katsell, M.S., also testified at the hearing.  Ms. Katsell classified Plaintiff's job as a packer in a factory as unskilled and medium in exertional demands, her work as a memorial counselor as skilled and light, and her work as a newspaper delivery woman as semi-skilled and medium.  (AR at 50-51.)

In her motion, Plaintiff accepts Defendant's analysis of the medical facts as stated under

Finding No.3 of the ALJ's April 16, 2010 decision, as well as the medical review stated in Finding Nos. 4 and 5. (Plaintiff's Mot. at 6; AR at 16-24.) Plaintiff further stipulates that she has the residual functional capacity to perform the full range of light work, as the ALJ found. (*Id.*)

On September 28, 2010, Plaintiff filed the Complaint in this case, seeking judicial review of the denial of her application for benefits. (Doc. 1.) Defendant filed an answer and the administrative record on November 22, 2010. (Docs. 5, 7.) Pursuant to the Court's Order setting forth a briefing schedule, Plaintiff filed a motion for reversal and/or remand on January 3, 2011. (Doc. 9.) On February 4, 2011, Defendant filed a cross-motion for summary judgment and an opposition to Plaintiff's motion. (Doc. 10.)

## II.

## LEGAL STANDARD

Under the Social Security Act, "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A). In addition, the impairment must result "from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques." 42 U.S.C. § 423(d)(3).

A court cannot set aside a denial of benefits unless the Commissioner's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). It is more than a scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

To determine whether substantial evidence exists to support the ALJ's decision, a court reviews the record as a whole, not just the evidence supporting the decision of the ALJ. *Walker v. Matthews*,

1   546 F.2d 814, 818 (9th Cir. 1976).  A court may not affirm the Commissioner's decision simply by

2   isolating a specific amount of supporting evidence.  *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.

3   1989).  In short, a court must weigh the evidence that supports the Commissioner's conclusions and

4   that which does not.  *Martinez*, 807 F.2d at 772.  However, the ALJ, and not the Court, is responsible

5   for resolving ambiguities in the evidence.  *Magallanes*, 881 F.2d at 750.

6        If there is substantial evidence to support the decision of the ALJ, the decision must be upheld,

7   even when there is evidence on the other side and even when the evidence is susceptible of more than

8   one rational interpretation.  *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).  If supported by

9   substantial evidence, the findings of the Commissioner as to any fact will be conclusive.  42 U.S.C.

10  § 405(g).

11                                              **III.**

12                                        **DISCUSSION**

13       In his decision, the ALJ found Plaintiff "is capable of performing past relevant work as a

14  salesperson cemetery.  This work does not require the performance of work-related activities precluded

15  by the Claimant's residual functional capacity."  (AR at 24.)  In her motion, Plaintiff does not

16  challenge the ALJ's finding regarding her residual functional capacity, but rather argues the ALJ erred

17  in finding Plaintiff's work selling cemetery plots was "past relevant work."  Past relevant work is any

18  work that was "done within the past 15 years, that was substantial gainful activity, and that lasted long

19  enough for you to learn to do it."  20 C.F.R. § 404.1560(b)(1).  Substantial gainful activity is:

20          work activity that is both substantial and gainful: (a) Substantial work activity.
            Substantial work activity is work activity that involves doing significant physical or
21          mental activities.  Your work may be substantial even if it is done on a part-time basis
            or if you do less, get paid less, or have less responsibility than when you worked
22          before. (b) Gainful work activity.  Gainful work activity is work activity that you do
            for pay or profit.  Work activity is gainful if it is the kind of work usually done for pay
23          or profit, whether or not a profit is realized.

24  20 C.F.R. § 404.1572.  20 C.F.R. § 404.1574 further sets forth guidelines for determining whether

25  work that an individual has performed shows that he or she is able to do substantial gainful activity.

26  The Administration "will consider that your earnings from your work activity as an employee . . . show

27  that you engaged in substantial gainful activity if: . . . they averaged more than the amount(s) set forth

28  in Table 1 of this section for the time(s) in which you worked."  20 C.F.R. § 404.1574(b)(2).  For

1    January 1990 through June 1999, Table 1 lists $500 as the amount which an individual's average

2    monthly earnings must exceed. *Id.*

3        Plaintiff argues there was not substantial evidence before the ALJ to support a finding that

4    Plaintiff earned a sufficient amount of money in her prior work selling cemetery lots for such work to

5    constitute substantial gainful activity.  The record shows potentially conflicting evidence regarding the

6    amount of money earned by Plaintiff in her work selling cemetery lots.  In a work history form dated

7    May 8, 2008, Plaintiff stated she worked as a memorial counselor selling cemetery lots for eight hours

8    a day, six days a week from 1994 to 1996 and that she earned $600.00 per month doing this work.

9    (AR at 206.)  However, the federal tax records in the administrative record indicate she worked at a

10    cemetery in only 1995, in which she earned a total of $950.50, and 1996, in which she earned a total

11    of $8,924.23.  (*Id.* at 171-72, 180-81.)  During the hearing, Plaintiff stated she worked selling cemetery

12    lots for about a year and "sometimes she didn't make anything, sometimes she made $700 or $800.

13    She said she'd go two or three months without selling anything and then she would make $700 or

14    $800." (AR at 51.)  During the hearing before the ALJ, Plaintiff's counsel argued that Plaintiff's prior

15    work selling cemetery lots did not constitute substantial gainful activity.  (*Id.* at 55.)

16        Defendant argues substantial evidence supports the ALJ's finding that Plaintiff's work as a

17    cemetery salesperson was "past relevant work."  In support of his argument, Defendant points to

18    statements in the record by Plaintiff regarding her work as a memorial counselor selling cemetery lots

19    and argues a "claimant's own description of her job duties is highly probative." (Defendant's Mot.

20    at 4 (citing *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).)  The Court agrees that there is

21    substantial evidence in the record to support the ALJ's finding of Plaintiff's work selling cemetery lots

22    as past relevant work on this basis.  A reasonable mind might accept Plaintiff's own testimony

23    regarding her earnings as adequate to support the conclusion of the ALJ.  Furthermore, the tax records

24    indicate only earnings from an employer during a calendar year–not the number of months worked by

25    the individual during that year–and therefore do not clearly establish that she earned less than $500.00

26    per month doing this work.

27        Plaintiff further argues there is not substantial evidence in the record to support the ALJ's

28    finding that Plaintiff's work selling cemetery lots was past relevant work because there is not sufficient

evidence that her work lasted long enough for her to learn to do it.  The vocational expert here testified that Plaintiff's work as a cemetery salesperson was skilled work, with a Specific Vocational Preparation ("SVP") of 5.  (AR at 51.)  According to Plaintiff, a job with an SVP of 5 requires over six months and up to a year to learn.  (Plaintiff's Mot. at 9-10.)  However, as discussed above, there was substantial evidence before the ALJ that Plaintiff had worked selling cemetery lots for around a year, at the very least.

In support of his motion for summary judgment, Defendant argues the ALJ properly conducted his analysis pursuant to 20 C.F.R. § 404.1520.  He further argues the ALJ was entitled to rely on Plaintiff's description of her past work as she performed it.  *See* Social Security Ruling 82-62, 1982 WL 31386, at *3 (1982)("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work.").  Because the ALJ found Plaintiff was able to perform her past relevant work as actually and generally performed, he determined that she was not disabled and therefore did "not consider [her] vocational factors of age, education, and work experience or whether [her] past relevant work exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(b)(3).  The Court agrees that substantial evidence supported the ALJ's determination.  A disability claimant has the burden of establishing a disability precluding the performance of her past work.  *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).  Here, the ALJ did not err in finding that Plaintiff had failed to meet this burden.  The decision of the Commissioner is supported by substantial evidence and is free from legal error.

## IV.

## CONCLUSION

For the foregoing reasons,  Plaintiff's motion is denied and Defendant's motion is granted.

**IT IS SO ORDERED.**

DATED: April 30, 2011

_____
HON. DANA M. SABRAW
United States District Judge